## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BRUCE HARRIS and ROY McCullum, Individually and on Behalf of All Others Similarly Situated | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| v. | ) | |
| | ) | |
| GEORGIA-PACIFIC WOOD PRODUCTS, LLC and GEORGIA-PACIFIC, LLC | ) ) | |
| Defendants. | ) | |

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

Plaintiffs Bruce Harris and Roy McCullum ("collectively Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Class and Collective Action against Defendants Georgia-Pacific Wood Products, LLC, and Georgia-Pacific, LLC (collectively "Defendants"), state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a class action and a collective action brought by Bruce Harris and Roy McCullum, each individually and on behalf of all other hourly-paid employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

1

2.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiffs and other hourly-paid employees lawful overtime compensation for hours worked in excess of 40 hours in a week.

3.      Upon information and belief, for at least three years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Northern District of Georgia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiff Harris's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.    Defendants are headquartered in Atlanta; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7.    Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

8.    On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

### III.    THE PARTIES

9.    Plaintiff Bruce Harris ("Harris") is a resident and citizen of Sebastian County. Arkansas.

10.    Plaintiff Roy McCullum ("McCullum") is a resident and citizen of Smith County, Mississippi.

11.    Defendant Georgia-Pacific Wood Products, LLC ("Wood Products"), is a Delaware limited liability company.

12.    Wood Products' registered agent for service of process is United Agent Group Inc., at 2985 Gordy Parkway, First Floor, Marietta, Georgia 30066.

13.    Defendant Georgia-Pacific, LLC ("Georgia-Pacific"), is a Delaware limited liability company.

14.    Georgia-Pacific's registered agent for service of process is United Agent Group Inc., at 2985 Gordy Parkway, First Floor, Marietta, Georgia 30066.

## IV.   FACTUAL ALLEGATIONS

15.    Wood Products is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective.

16.    Wood Products is a supplier of various wood-based building supplies, such as sub-flooring, sheathing and lumber.

17.    Wood Products operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters located in Georgia that centralizes all pay, time and human resource policies so that they are the same across its facilities.

18.    Wood Products has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture sub-flooring, sheathing and lumber.

19.    Wood Product's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

20.    Georgia-Pacific is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective.

21.    Georgia-Pacific is a supplier of various types of building products.

22.    Georgia-Pacific operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters located in Georgia that centralizes all pay, time and human resource policies so that they are the same across its facilities.

23.    Georgia-Pacific has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture building products.

24.    Georgia-Pacific's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

25.    Wood Products and Georgia-Pacific jointly operate the manufacturing facilities at which Plaintiffs and the collective and class members were employed.

26.     Defendants, together, have unified control over employees and jointly exercise authority over Plaintiffs and other employees, set the pay policy applicable to Plaintiffs and the others and control the work schedule of Plaintiffs and the others.

27.     Upon information and belief, the revenue generated from Wood Products and Georgia-Pacific was merged and managed in a unified manner.

28.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

29.     Defendants employed Plaintiffs within the three years preceding the filing of this lawsuit.

30.     Harris has been employed by Defendants as an hourly-paid employee since approximately October of 2021 to the present.

31.     During the time period relevant to this case, Harris was employed at Defendants' manufacturing facility in Fort Smith, Arkansas.

32.     McCullum was employed by Defendants as an hourly-paid employee since approximately September of 1987 until February of 2020.

33.     During the time period relevant to this case, McCullum was employed at Defendants' manufacturing facility in Taylorsville, Mississippi.

34.    At all material times, Plaintiffs were entitled to the rights, protection and benefits provided under the FLSA and AMWA.

35.    Defendant also employed other hourly employees within the three years preceding the filing of this lawsuit.

36.    Plaintiffs regularly worked more than 40 hours per week throughout their tenure with Defendants.

37.    Upon information and belief, other hourly employees also regularly or occasionally worked more than 40 hours in a week while employed with Defendants.

38.    Plaintiffs and other hourly employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendants.

39.    The payroll system used by Defendants rounded hours worked by Plaintiffs and other hourly employees in favor of Defendants by rounding to fifteen-minute increments.

40.    For example, if an hourly employee clocked in at 5:15 am, and worked 11 hours with a 30 minute lunch break, the payroll system recorded his or her cumulative time to be paid as the same amount of time as on a different day where the employee had clocked in earlier at 5:10 am. Likewise, if an hourly employee

clocked out at 5:05 pm, Defendants' payroll system rounded his or her end time down to 5:00 pm to fit within the fifteen minute increment used by Defendants.

41.    The rounding in Defendants' time keeping system resulted in hours of unpaid work each month for Plaintiffs and other hourly employees.

42.    When calculating Plaintiffs' and other hourly employees' overtime pay, Defendants did not include the unpaid time that was rounded out by Defendants' payroll system.

43.    In addition to their regular hourly wage, Plaintiffs and other hourly employees were also paid shift differentials when certain objective and measurable criteria were met.

44.    Plaintiffs and other hourly employees expected to receive the shift differentials when they met the set criteria, and they did in fact receive the shift differentials on a regular basis.

45.    Defendants paid Plaintiffs and other hourly employees 1.5x their base hourly rate for each hour they worked over 40 hours in a week.

46.    Defendants did not include the shift differentials paid to Plaintiffs and other hourly employees in their regular rates of pay when calculating their overtime pay.

47.     29 C.F.R. § 778.208 requires that non-discretionary bonuses, such as production or attendance-based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

48.     Defendants violated the FLSA by not including the non-discretionary bonuses of Plaintiffs and other hourly employees in their regular rate when calculating their overtime rate.

49.     Harris worked for Defendants at their facility in Fort Smith, Arkansas and Defendants' pay practices were the same for all hourly workers at the Fort Smith facility.

50.     Upon information and belief, the pay practices were the same at all Arkansas locations.

51.     Defendants violated the AMWA by not including the non-discretionary bonus in the regular rates of Harris and other hourly employees who worked in Arkansas locations when calculating their overtime pay.

52.     McCullum worked for Defendants at their facility in Taylorsville, Mississippi (hereinafter the "Taylorsville facility") and Defendants' pay practices were the same for all hourly workers at the Taylorville facility.

53.     The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendants' corporate headquarters.

54.     Defendants' hourly-paid employees were classic manual laborers, working with machinery and equipment.

55.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other hourly employees violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

56.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

57.     Plaintiffs bring their FLSA claims on behalf of all hourly-paid employees employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked in excess of 40 hours in a week; and

B.     Liquidated damages; and

C.      Attorneys' fees and costs.

58.    Plaintiffs propose the following collective under the FLSA:

**All Hourly Employees in the last three years.**

59.    In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

60.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

61.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendants as nonexempt from the overtime requirements of the FLSA;

B.      They were paid hourly rates;

C.      They recorded their time in the same manner;

D.      They were subject to Defendants' common policy of rounding time worked in Defendants' favor;

E.      They received shift differentials in addition to their regular hourly pay;

F.      They worked overtime in at least one week in the past three years; and

G.      They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over 40 hours in a week.

62.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 150 persons.

63.     Defendants can readily identify the members of the Section 16(b) Collective.  The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, first class mail and email as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## B.      Class Action Allegations: AMWA Rule 23 Class

64.     Harris, on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23(b)(3) of the FRCP.

65.     Harris proposes to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

66.    Harris is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 150 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

67.    The claims of Harris are typical of the claims of the class in that Harris worked as an hourly-paid employee for Defendants and experienced the same violations of the AMWA that other class members suffered.

68.    Common questions of law and fact relate to all members of the proposed class, such as whether as a result of Defendants' failure to include non-discretionary bonuses in its calculation of overtime pay, Defendants paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

69.    Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

70.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to

protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

71.     At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

72.     Concentrating the litigation in this forum is highly desirable because Defendants are headquartered within the Atlanta Division of the Northern District of Georgia.

73.     No difficulties are likely to be encountered in the management of the class.

74.     Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

75.     Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this, and to the extent that they find that they are not, they are able and willing to associate additional counsel.

76.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to

individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

77.   Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

78.   At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

79.   At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

80.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 hours in a week and to pay 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

81.   During the period relevant to this lawsuit, Defendants classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

82.   Despite the entitlement of Plaintiffs to minimum wages and overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 hours in a week.

83.     Defendants illegally rounded hours worked by Plaintiffs in Defendants' favor and failed to pay Plaintiffs for all hours worked.

84.     Defendants violated 29 C.F.R. § 778.208 by not including non-discretionary bonuses paid to Plaintiffs in their regular rate when calculating their overtime pay.

85.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

86.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

87.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

88.     Plaintiffs bring this collective action on behalf of all hourly-paid employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of 40 hours in a week.

89.     Plaintiffs bring this collective action on behalf of all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

90.     During the period relevant to this lawsuit, Defendants classified Plaintiffs and all similarly situated members of the FLSA collective as nonexempt from the overtime requirements of the FLSA.

91.     Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated an overtime rate of 1.5x their regular rates for all hours worked over 40 hours in a week.

92.     Defendants violated 29 C.F.R. § 778.208 by not including non-discretionary bonuses paid to Plaintiffs and those similarly situated in their regular rate when calculating their overtime pay.

93.     In the past three years, Defendants have employed hundreds of hourly-paid employees.

94.     Like Plaintiffs, these hourly-paid employees regularly worked more than 40 hours in a week.

95.     Defendants failed to pay these workers at the proper overtime rate.

96.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

97.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

98.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, unpaid overtime wages, liquidated damages, and costs, including attorney's fees as provided by the FLSA.

99.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and the class are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

100.   Harris asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

101.   At all relevant times, Defendants were Harris's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

102.   Arkansas Code Annotated § 11-4-211 requires employers to pay all employees 1.5x their regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

103.   Defendants failed to pay Harris all overtime wages owed, as required under the AMWA.

104.   Defendants illegally rounded hours worked by Harris in Defendants' favor and therefore did not pay Harris for all hours worked.

105.   Defendants' did not include non-discretionary bonuses in Harris' overtime pay which resulted in a failure to pay Harris a full and complete overtime rate during weeks in which Harris worked more than 40 hours in a week.

106.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

107.   By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Harris for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three years preceding the filing of the complaint, plus periods of equitable tolling.

108. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Harris as provided by the AMWA, Harris is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CAUSE OF ACTION
### (Collective Action Claim for Violation of the AMWA)

109. Harris, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 *et seq.*

110. At all relevant times, Defendants have been, and continue to be, the "employer" of Harris and the members of the class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

111. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees 1.5x their regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

112. Defendants failed to pay Harris and members of the proposed class all overtime wages owed, as required under the AMWA.

113. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

114.   By reason of the unlawful acts alleged herein, Defendants are liable to Harris and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three years prior to the filing of this Complaint, plus periods of equitable tolling.

115.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Harris and members of the proposed class as provided by the AMWA, Harris and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.   PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs Bruce Harris and Roy McCullum respectfully pray that each Defendant be summoned to appear and to answer herein as follows:

A.   That Defendants be required to account to Plaintiffs, the class and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

B.   A declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

C.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D.     Certification of a Rule 23 Class for all individuals similarly situated, as further defined in any motion for the same;

E.     Judgment for damages suffered by Plaintiffs and other similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

F.     Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

G.     An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

H.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted on this 24th day of June.

**BRUCE HARRIS and ROY McCULLUM, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

LEGARE, ATTWOOD & WOLFE, LLC
125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

*/s/Steven E. Wolfe*
Steven E. Wolfe
Ga. Bar No. 142441
sewolfe@law-llc.com

*LOCAL COUNSEL FOR PLAINTIFFS*

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Laura Edmondson*
Laura Edmondson
Ark. Bar No. 2021312
laura@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*PHV Motions to be Filed*

23

*LEAD COUNSEL FOR PLAINTIFFS*