# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BRUCE HARRIS and ROY McCullum, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGIA-PACIFIC WOOD PRODUCTS, LLC, and GEORGIA-PACIFIC, LLC<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:22-cv-2530-TWT |

## PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION

Plaintiffs Bruce Harris and Roy McCullum (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, and for their Motion for Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information, they state and allege as follows:

1. Plaintiffs worked as hourly employees for Defendants Georgia-Pacific Wood Products, LLC, and Georgia-Pacific, LLC (collectively "Defendant" or "Defendants").

2.  Plaintiffs brought this suit each individually and on behalf of all other all former and current hourly-paid employees employed by Defendants, who are similarly situated, to recover unpaid overtime wages, liquidated damages, prejudgment interest, costs, and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3.  Plaintiffs brought this action as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs ask this Court to conditionally certify the following collective:

**All hourly employees for Georgia-Pacific Wood Products, LLC, and Georgia-Pacific, LLC since June 24, 2019.**[1]

4.  Attached as Exhibits 1 and 2, respectively, are the Notice and Consent to Join proposed by Plaintiffs for distribution in this case. Attached as Exhibit 3 is the text of the messages proposed by Plaintiffs for electronic distribution in this case.

---

[1] A similar case was previously conditionally certified in the Western District of Arkansas, *Kenneth Harris, et al. v. Georgia-Pacific Wood Products, LLC and Georgia-Pacific, LLC*, with respect to all former and current hourly-paid employees at the Georgia-Pacific Wood Products, LLC facility in Gurdon, Arkansas since January 2, 2016. *See* Memorandum Opinion and Order at 13, *Harris v. Georgia-Pacific Wood Products, LLC*, No. 6:19-cv-06001-RTD (W.D. Ark. Apr. 11, 2019). While the collective proposed in the current action would include some overlap with the notice list of this prior case, Plaintiffs are of the position that any overlap is best resolved after notice has been sent to all potential members of the proposed collective, including those of the Gurdon facility. Such a position is consistent with the broad, remedial purpose of the FLSA and any issues related to individuals joining this suit that already participated in the previous suit could be resolved through the calculation of damages.

The Notice and Consents make no comment on the merits of the case. The Notice is narrowly drawn to notify potential collective members of the pending litigation, the composition of the collective and their right to "opt in" to the litigation.

5. Plaintiffs also request that the Court grant counsel a period of ninety (90) days—beginning on the date on which Defendants fully and completely release the potential class members' contact information to Plaintiffs' counsel—during which to distribute the Notice and file opt-in Plaintiffs' Consent forms with this Court.

6. To facilitate the sending of the Notice and Consent forms, Plaintiffs also respectfully ask this Court to enter an Order directing Defendants to provide the names, last known addresses, and last known email addresses of potential opt-in plaintiffs in an electronically manipulable format such as Excel format (.xls) no later than seven days after the date of the entry of the Order.

7. Plaintiffs request that this Court permit them to provide the Notice to potential opt-in plaintiffs via U.S. Mail and email, and that this Court permit Plaintiffs to send a reminder email or postcard thirty days after the date of mailing.

8. Plaintiffs further request expedited consideration of this Motion because the statute of limitations for the FLSA claims of potential opt-in plaintiffs is *not tolled* by a plaintiff's initial filing of the complaint absent a Court order. 29

U.S.C. § 256(b); *see Campbell v. Sys. Dynamics Int'l*, No. 5:18-cv-223-UJH-RDP, 2018 U.S. Dist. LEXIS 150498, at *14 (N.D. Ala. Sep. 5, 2018) ("the court desires to expedite notice of this action due to the fact that the FLSA's statute of limitations continues to run against individual [potential opt-in plaintiffs] until they consent to opt into this collective action").

9. Plaintiffs file herewith and incorporates herein a memorandum Brief in Support of this Motion.

10. In support of their Motion, Plaintiffs file herewith the following exhibits:

   1) Proposed Notice of Right to Join Lawsuit;
   2) Proposed Consent to Join Collective Action;
   3) Proposed Text of Electronic Transmission;
   4) Proposed Reminder Postcard;
   5) Declaration of Attorney Josh Sanford;
   6) Declaration of Bruce Harris;
   7) Declaration of Roy McCullum;
   8) Declaration of Gearldean Payton; and
   9) Declaration of Rochelle Lawson.

WHEREFORE, premises considered, Plaintiffs, each individually and on behalf of all others similarly situated, pray that this Court:

A. Conditionally certify this case as a collective action;

B. Approve Plaintiffs' proposed Notice and Consent to Join and proposed method of distribution including mailing and emailing;

C.     Approve the form and content of Exhibits 1–4;

D.     Order Defendants to produce the requested contact information of each putative collective member in an electronically importable and manipulable electronic format, such as Excel, within seven days after this Court's Order is entered;

E.     Allow for an opt-in period of 90 days, to begin on the date on which Defendants produce the collective members' names and contact information, in which collective members may submit Consents to Join this lawsuit as opt-in plaintiffs;

F.     Award costs and a reasonable attorney's fee and grant all other relief to which Plaintiffs may be entitled, whether specifically prayed for or not.

Respectfully submitted,

**BRUCE HARRIS and ROY McCULLUM, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

LEGARE, ATTWOOD & WOLFE, LLC
125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

/s/ Steven E. Wolfe
Steven E. Wolfe
Ga. Bar No. 142441
sewolfe@law-llc.com
***LOCAL COUNSEL FOR PLAINTIFFS***

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Laura Edmondson
Laura Edmondson
Ark. Bar No. 2021312
laura@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
***LEAD COUNSEL FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing document was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

    A. Craig Cleland, Esq.
    Lauren H. Zeldin, Esq.
    Harry M. Rowland, III, Esq.
    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    One Ninety-One Peachtree Tower
    191 Peachtree St. NE, Suite 4800
    Atlanta, GA 30303
    Telephone: 404-881-1300
    Facsimile: 404-870-1732
    lauren.zeldin@ogletreedeakins.com
    craig.cleland@ogletreedeakins.com
    harry.rowland@ogletreedeakins.com
    *Counsel for Defendants*

                              */s/ Josh Sanford*
                              Josh Sanford