UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRUCE HARRIS and ROY MCCULLUM, Individually and Behalf of All Others Similarly Situated,<br>　　　　Plaintiffs,<br><br>v.<br><br>GEORGIA-PACIFIC WOOD PRODUCTS LLC and GEORGIA-PACIFIC CONSUMER OPERATIONS LLC,<br>　　　　Defendants. | CIVIL ACTION<br>NO. 1:22-cv-02530-TWT |

**JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL OF THIS ACTION WITH PREJUDICE**

Plaintiffs Bruce Harris, Roy McCullum, Gearldean Payton, Ray Pickering, and Rochelle Lawson, and Defendants Georgia-Pacific Wood Products LLC and Georgia-Pacific Consumer Operations LLC (collectively, the "Parties") submit this joint motion seeking Court approval of their settlement of Plaintiffs' wage and hour claims against Defendants. The Parties further seek dismissal of this action with prejudice. In support of this Motion, the Parties jointly state as follows:

I.    **Background**

On June 24, 2022, Plaintiffs Bruce Harris and Roy McCullum filed this action to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann.

§ 11-4-201, *et seq*. (Doc. No. 1). Specifically, the Complaint alleges that Defendants[1] had a payroll system that rounded time worked to the nearest 15 minute increment, resulting in hours worked that went uncompensated. (*Id.* at ¶¶ 39-42). Further, the Complaint includes claims that Defendants improperly calculated employees' individual overtime rates by not including shift differentials into the overtime calculations. (*Id.* at ¶¶ 43-48). On September 21, 2022, Georgia-Pacific Wood Products LLC and Georgia-Pacific LLC filed an Answer in which they denied that they violated any law and averred that their employees were at all times appropriately paid. (Doc. No. 17).

Following the Court's denial of Plaintiffs' Motion for Conditional Certification, Notice, and Disclosure and Plaintiffs' Motion for Rule 23 Class Certification (See Doc. Nos. 18, 36, & 47), the Parties exchanged informal discovery relevant to Plaintiffs' claims and Defendants' defenses. This discovery consisted of spreadsheets detailing time records and payroll data including each Plaintiff's daily punch times, rounded time, and payments received. After Plaintiffs used this information to assess the potential value of their claims, the Parties engaged in

---

[1] Originally, the Complaint named Georgia-Pacific Wood Products LLC, and Georgia-Pacific, LLC as the individual Defendants. On November 14, 2022, the Parties filed a Motion to Substitute seeking to replace Georgia-Pacific, LLC with Georgia-Pacific Consumer Operations LLC as a proper Defendant, which the Court granted the following day. (Doc. Nos. 30 & 31). For the sake of simplicity, "Defendants" hereinafter refers to Georgia-Pacific Wood Products LLC and Georgia-Pacific Consumer Operations LLC, the defendants currently in the case.

settlement negotiations. Ultimately, the Parties reached a settlement, memorialized in the Settlement Agreement and Release ("Agreement") attached hereto as **Exhibit 1**. Pursuant to this motion, the Parties seek approval of their Settlement Agreement from the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). The Parties further request an Order from the Court dismissing the above-styled action.

While the Agreement is a compromise of disputed claims, it does not constitute an admission by Defendants of the violation of any federal, state, or local statute or regulation, or the violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs. Defendants expressly deny having engaged in any wrongdoing or unlawful conduct in this lawsuit.

## II. Legal Authority

### A. The FLSA Permits the Settlement and Release of Claims with Court Approval.

In the Eleventh Circuit, there are two (2) ways in which claims under the FLSA may be settled and released. First, Section 216(c) of the FLSA allows individuals to settle and waive their claims under the FLSA if the payment of alleged unpaid wages is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores,* 679 F.2d at 1353. Second, in the context of a private lawsuit brought under Section 216(b) of the FLSA, an individual may settle and release FLSA claims if the Parties present the District Court with a proposed settlement and

the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*. In addressing the circumstances justifying Court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the Parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

### B. The Settlement Amount is Fair and Reasonable.

A bona fide dispute exists in this case. Plaintiffs claim they were denied overtime compensation for hours worked due to implementation of a system that rounded their time entries. Defendants specifically deny these claims and further deny that Plaintiffs are owed any additional wages under the FLSA or AMWA. Defendants contend that their time rounding policy, automatically implemented through a Kronos timekeeping system, properly rounded time to the nearest quarter of an hour and was neutral in its application to its employees. Further, Defendants contend that, to the extent there were any situations in which the rounding policy

was not neutral in application such that any employee "lost" minutes due to the rounding, employees were not actually performing compensable work during such rounded minutes. In addition to their disputes regarding liability, the Parties have opposing views on other damages components such as: (1) how to properly calculate damages; (2) whether liquidated damages are available; and (3) whether a two-year or three-year limitations period applies given that the latter requires a showing of "willfulness."

For settlement purposes only, Plaintiffs used the time and pay data provided by Defendants to calculate their best-case scenario damages assuming the allegations in the Complaint as true. These calculations took into account the hours worked by Plaintiffs, the amount of each Plaintiff's shift differentials, and the amount of time allegedly rounded against them. Under the terms of the settlement, Plaintiffs are receiving 100% of these damages, including liquidated damages.

In light of these factors, as well as the considerable risk, cost, and uncertainty of continued litigation, the Parties submit that the back pay, liquidated damages, and attorneys' fees and costs set forth in the Agreement should be approved by the Court as fair and reasonable.

### C. The Attorneys' Fees Negotiated Between the Parties Were Separately Negotiated and Are Reasonable.

The Settlement Agreement also contains a component of attorneys' fees and costs. These fees and costs were negotiated separately from and only after Plaintiffs'

settlement amounts were reached. Accordingly, no conflict of interest existed between Plaintiffs and Plaintiffs' counsel during negotiations.

Should the Court wish to review the negotiated fees for their reasonableness, Plaintiffs' counsel aver that the amount is reasonable. Plaintiffs' counsel has billed over $20,000.00 in fees and costs on this matter, taking it from initial investigation and Complaint drafting to briefing over class and collective certification, through damages calculations and settlement negotiations. A Declaration of Josh Sanford in support of the requested fee award is attached hereto as **Exhibit 2**. At less than half of their current invoice, the amount of agreed-upon fees is reasonable.

### III. Conclusion

The Parties jointly and respectfully request that the Court approve the settlement as described herein and, upon approval of the settlement, that the Court dismiss the action with prejudice. A proposed Order has been attached for the Court's convenience as **Exhibit 3**.

Respectfully submitted this 15th day of December 2023.

*/s/ Josh Sanford*
Josh Sanford
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy.
Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com

Colby Qualls
Forester Haynie, PLLC
400 N Saint Paul St
Ste 700
Dallas, TX 75201
cqualls@foresterhaynie.com

Steven E. Wolfe
Legare, Attwood & Wolfe, LLC
125 Clairemont Avenue, Suite 380
Decatur, GA  30030
sewolfe@law-llc.com
*Attorneys for Plaintiffs*

*/s/ Harry M. Rowland, III*
A. Craig Cleland
GA Bar No. 129825
Lauren H. Zeldin
GA Bar No. 368999
Harry M. Rowland, III
GA Bar No. 946192
Ogletree, Deakins, Nash,
    Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:   404-881-1300
Facsimile:    404-870-1732
lauren.zeldin@ogletreedeakins.com
craig.cleland@ogletreedeakins.com
harry.rowland@ogletreedeakins.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing MOTION was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Steven E. Wolfe
LEGARE, ATTWOOD & WOLFE, LLC
125 Clairemont Avenue, Suite 380
Decatur, GA 30030
sewolfe@law-llc.com

A. Craig Cleland, Esq.
Lauren H. Zeldin, Esq.
Harry M. Rowland, III, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Ninety-One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone: 404-881-1300
Facsimile: 404-870-1732
lauren.zeldin@ogletreedeakins.com
craig.cleland@ogletreedeakins.com
harry.rowland@ogletreedeakins.com

*/s/ Josh Sanford*
**Josh Sanford**